

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No.: 4:18-cr-00642-MGL-1 |
| § | |
| GREGORY TYWONE CANTY, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I.   INTRODUCTION

Pending before the Court is Defendant Gregory Tywone Canty's (Canty) pro se motion asking the Court for a reduction in his sentence due to the COVID-19 pandemic, or, in the alternative, immediate release to home confinement.  To the extent Canty asks for a new place of confinement, this is outside the Court's authority.  *See* 18 U.S.C. § 3621(b) (stating the Bureau of Prisons [BOP] shall designate the place of a prisoner's imprisonment).  Instead, the Court will construe this motion as a motion to reduce Canty's sentence.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Canty's motion to reduce his sentence will be dismissed without prejudice.

## II.   FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Canty on one count of knowingly, intentionally, and unlawfully possessing with the intent to distribute a quantity of cocaine base and a quantity of heroin in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Two); one count of knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three), and a forfeiture count.

Canty initially pled guilty to Counts One and Two, but subsequently withdrew his guilty plea. The government then filed an information against Canty on one count of knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); one count of knowingly possessing a firearm and ammunition after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e) (Count Two), and a forfeiture count. On October 16, 2019, Canty entered a plea of guilty as to Counts One and Two of the information. The Court, on October 21, 2019, sentenced him to a term of imprisonment of seventy months as to each of Counts One and Two of the information, to run concurrently, and upon release from imprisonment, a term of supervised release for six years. The remaining counts of the indictment were dismissed upon motion of the government, and the forfeiture order was incorporated into the judgment. Canty is currently housed at Federal Correction Institution Williamsburg (FCI Williamsburg), and has a projected release date on or about August 1, 2023.

He filed this motion seeking compassionate release due to the COVID-19 pandemic, the government responded, and Canty replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III. STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). And, third, a court may reduce a sentence "upon motion of the Director of the [BOP] . . . [provided the court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least [seventy] years of age, and has served at least [thirty] years in prison." *Id.* § 3582(c)(1)(A).

Under Section 3582(c)(1)(A), a defendant may file his own motion for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Additionally, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission[,]" *Id.*, and the court must consider the § 3353(a) factors in deciding whether to grant such a reduction.

### IV. DISCUSSION AND ANALYSIS

Canty fails to argue either of the first two scenarios are applicable. Rather, he moves for a reduction solely on the basis of the third circumstance, alleging COVID-19 qualifies as an extraordinary and compelling reason to warrant relief.

Canty asserts he sent an e-mail to the Warden requesting "a reduction in sentence and/or immediate home confinement." Canty's Mot. at 3. The government, in its brief, avers "[a]ccording to Canty's case manager, Jonathan Morris, there is no record of him ever filing for Compassionate Release through the [BOP]." Government's Resp. in Opp'n at 6. Canty, in reply to the government's response, posits his request for compassionate release "can be confirmed by looking at [his letter to] Warden Dobbs dated April 20, 2020[,] where [he] asked Warden Dobbs for compassionate release." Canty's Reply at 2. But, Canty fails to attach any evidence of his alleged correspondence with the Warden regarding a request for compassionate release. In its brief, the government correctly notes, "the defendant bears the burden to establish that he is eligible for a sentence reduction." Government's Resp. in Opp'n at 7 (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).

Canty's failure to include evidence of his correspondence with the Warden prevents him from meeting his burden. Therefore, because Canty fails to demonstrate to the Court he filed a petition with the Warden and exhausted all administrative remedies, he is unentitled, under the statute, to move for a sentence reduction on his own. Accordingly, the Court will dismiss his motion without prejudice.

### IV.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Canty's motion to reduce his sentence is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed this 19th day of April 2021, in Columbia, South Carolina.

5

          <u>s/ Mary Geiger Lewis</u>
          MARY GEIGER LEWIS
          UNITED STATES DISTRICT JUDGE